25 F.3d 1058
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerry STINGLEY, Plaintiff-Appellant,
v.
R. Michael CODY, Defendant-Appellee.
 No. 94-6087.
 United States Court of Appeals, Tenth Circuit.
 June 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10thCir.R.34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Jerry Stingley appeals the dismissal of his 1983 complaint on the grounds of mootness. He had filed an action in the district court seeking declaratory judgment and injunctive relief from an Oklahoma Department of Corrections hair grooming policy which he contended violated rights guaranteed to him under the Constitution.
 
 
 3
 After receiving an investigative report of the factual context of the complaint, the district court determined the policy had been rescinded. Mr. Stingley filed a response including documents indicating the institution in which he is confined has a similar policy which was enforced, he contended, notwithstanding abandonment of the state policy. He therefore claimed the case was not moot.
 
 
 4
 The Oklahoma Attorney General filed an affidavit of the warden of the institution admitting the existence of the local policy but affirmatively stating "we will no longer be enforcing the length of head hair or facial hair." Upon that representation, the magistrate judge to whom the case had been referred recommended dismissal on the grounds of mootness because the conditions of which Mr. Stingley complained no longer existed.
 
 
 5
 Mr. Stingley objected to the magistrate judge's recommendation asserting despite the warden's affidavit, the policy was being enforced to deny credits classifications. The Attorney General again replied with the affidavits of the unit managers of the institution stating since the grooming code was revised an inmate's hair had never been used as a classification criterion for inmate programs or credits.
 
 
 6
 The district court determined plaintiff had not successfully controverted respondent's evidence of mootness and dismissed the complaint. We agree with that disposition because it is clear there is no case or controversy over which a federal court can exercise jurisdiction.
 
 
 7
 Plaintiff also contends the district court erred in requiring him to pay a filing fee. The record does not contain a motion for leave to file without prepayment or an order denying such a request. Accordingly, we have nothing to review with respect to this issue.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470